GALLIAN WELKER & BECKSTROM, L.C.
Michael I. Welker (7447)
965 East 700 South, Suite 305
St. George, Utah 84790
Telephone: (435) 628-1682
Facsimile: (435) 628-9561
Email: welker@utahcase.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,**

**SOUTHERN REGION OF CENTRAL DIVISION**

| | |
|---|---|
| Telton Hall,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>Safeco Insurance Company of Illinois,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>Civil No. |

Plaintiff Telton Hall, through the law offices of GALLIAN WELKER & BECKSTROM, L.C., for his Complaint against Defendant avers as follows:

**JURISDICTION AND VENUE**

1. At all times relevant herein, Plaintiff, Telton Hall, was and is a resident and domiciliary of Iron County, Utah.

2. Upon information and belief, Defendant Safeco Insurance Company of Illinois ("Safeco") is a corporation with a principle office and headquarters outside Utah, in the State of

Massachusetts and/or Washington, and is currently doing regular and substantial business in the State of Utah.

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction, as the amount in controversy, exclusive of interest and costs, is greater than $75,000, and the parties are citizens of different States.

4. Venue in this Court is Proper under 28 U.S.C. § 1391(b)(2) and the Court has personal jurisdiction over Defendant because Defendant's conduct and the events giving rise to this action occurred within this District.

## GENERAL FACTUAL ALLEGATIONS

5. Plaintiff purchased a policy of insurance, policy number Y7886057 (the "Policy") from Defendant Safeco.

6. The Policy was active, in good standing, and Plaintiff was an intended beneficiary under the provisions of the Policy at all relevant times herein.

7. Among other things, the Policy provided Plaintiff with underinsured motorist benefits coverage ("UIM") at all relevant times herein.

8. On or about June 10, 2015, Plaintiff was driving his 2007 Chevrolet Suburban, covered under the Policy, towing a 15-foot trailer, traveling southbound on Main Street in Cedar City, Utah, and Edward Medrano ("Medrano") was driving his 2007 Chevrolet CLD truck ("Chevy") towing a 10-foot industrial welder trailer, traveling northbound on Main Street in Cedar City, Utah.

9. Medrano had failed to secure his trailer to his Chevy's hitch, and as Plaintiff and Medrano approached one another, Medrano's trailer left its unsecured hitch and swerved into

oncoming traffic, colliding into Plaintiff's trailer, causing Plaintiff's vehicle to sharply rotate, swerve, and slide (the "Collision").

10. As a direct and proximate result of the Collision, Plaintiff developed immediate onset of lower back pain and radiating pain into his left leg and foot.

11. Medrano's insurance company made a liability insurance policy limits payment of $50,000 to Plaintiff.

12. However, Plaintiff sustained serious injuries in the Collision, including, among other things and without limitation, lower disc protrusions, joint disruption, spinal stenosis, anxiety, and anguish.

13. Plaintiff has incurred substantial necessary medical bills as a direct and proximate result of the Collision, and will continue to incur medical bills in the future.

14. Further, Plaintiff has experienced severe and substantial pain, suffering, distress, disability, lost wages, and lost quality and enjoyment of life as a direct and proximate result of the injuries he suffered from the Collision.

15. Plaintiff filed a claim for UIM benefits under the Policy, first giving notice to Defendant and demanding policy limits of $500,000.

16. Defendant has failed to make a reasonable offer of UIM benefits to Plaintiff.

17. Defendant has failed and refused to act with good faith or reasonable promptness to offer a fair and reasonable sum to settle Plaintiff's UIM claim and has no reasonable basis for not paying Plaintiff's UIM policy limits.

## FIRST CAUSE OF ACTION
### (Petition for Declaratory Relief)

18. Plaintiff reasserts all other allegations made in this Complaint and incorporates them herein as if set forth in full.

19. Plaintiff is an interested party under the Policy.

20. Plaintiff requests that this Court exercise its jurisdiction, pursuant to Utah Code Ann. §§ 78-33-1 to 13 (2004), to enter a declaration of Plaintiff's rights under the Policy.

21. Specifically, Plaintiff respectfully petitions this Court for a declaration that Plaintiff is entitled to UIM benefits under the Policy.

22. The issuance of a declaratory judgment in this case would terminate the controversy or remove any uncertainty.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

23. Plaintiff reasserts all other allegations made in this Complaint and incorporates them herein as if set forth in full.

24. A valid and enforceable contract was formed between Plaintiff and Defendant for the benefit of Plaintiff—namely, the Policy.

25. Plaintiff is entitled to receive the UIM policy limits from Defendant based on the damages and injuries Plaintiff incurred as a direct and proximate result of the subject incident, which was covered under the Policy.

26. Defendant breached its obligations under the Policy by refusing to pay the UIM benefits to which Plaintiff is entitled.

27. As a direct and proximate result of Defendant's conduct in refusing to pay the UIM benefits to which Plaintiff is entitled, Plaintiff has suffered damages for which he is entitled to recover—namely, his uncompensated damages proximately resulting from the Collision and consequential damages including, but not limited to, out of pocket expenses, emotional and financial distress, and attorney's fees.

## THIRD CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

28. Plaintiff reasserts all other allegations made in this Complaint and incorporates them herein as if set forth in full.

29. The contract between Plaintiff and Defendant—namely, the Policy—included an implied or express covenant of good faith and fair dealing.

30. Defendant breached the covenant of good faith and fair dealing by refusing to fairly and reasonably evaluate Plaintiff's UIM claim, and by failing to offer a fair settlement of his UIM Claim.

31. Defendant's conduct injured or destroyed Plaintiff's rights to receive the benefits of the Policy to which he was an intended beneficiary.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages for which he is entitled to recover—namely, his uncompensated damages proximately resulting from the subject incident and all consequential damages resulting from Defendant's breach.

## FOURTH CAUSE OF ACTION
### (Bad Faith)

33. Plaintiff reasserts all other allegations made in this Complaint and incorporates them herein as if set forth in full.

34. Plaintiff is an actual beneficiary of the Policy.

35. Because Plaintiff is a named insured under the policy, a special relationship exists between Plaintiff and Defendant.

36. Defendant's conduct went beyond the bounds of ordinary liability for breach of contract.

37. Defendant failed to deal fairly and in good faith with Plaintiff by refusing, without reasonable basis or proper cause, to fairly and adequately compensate Plaintiff for a loss covered by the Policy.

38. As a direct and proximate result of Defendant's conduct in refusing to pay the UIM benefits to which Plaintiff is entitled, Plaintiff has suffered damages for which he is entitled to recover—namely, his uncompensated damages proximately resulting from the Collision and consequential damages including, but not limited to, out of pocket expenses, emotional and financial distress, and attorney's fees.

## FIFTH CAUSE OF ACTION
### (Punitive Damages)

39. Plaintiff reasserts all other allegations made in this Complaint and incorporates them herein as if set forth in full.

40. Plaintiff is entitled to general and compensatory damages.

41.     Defendant's acts or omissions are the result of Defendant's willful and malicious conduct, and Defendant's acts or omissions manifest a knowing and reckless indifference toward, and disregard of, Plaintiff's rights and well-being.

42.     Therefore, Plaintiff is entitled to punitive damages as a result of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for damages in excess of $75,000, as follows:

A.  For general compensatory damages in amounts to be proved at trial;

B.  For special, consequential, and incidental damages in amounts to be proved at trial;

C.  For expectation and compensatory damages for breach of contract in amounts to be determined by the trier of fact;

D.  For a judgment declaring that Plaintiff is entitled to UIM benefits;

E.  For supplemental relief based upon the declaratory judgment or decree as may be necessary or proper, pursuant to Utah Code Ann. § 78-3-8;

F.  For prejudgment interest on the damages assessed by the verdict as allowed by law;

G.  For Plaintiff's costs and reasonable attorney's fees incurred herein as may be allowed by law or in contract;

H.  For punitive damages; and

I.      For such other and further relief as the Court deems just under the circumstances.

DATED this 21st day of April, 2021.

                                              GALLIAN WELKER & BECKSTROM, L.C.

                                              /s/ Michael I. Welker
                                              Michael I. Welker (7447)
                                              965 East 700 South, Suite 305
                                              St. George, Utah 84790
                                              Telephone: (435) 628-1682
                                              Facsimile: (435) 628-9561
                                              Email: welker@utahcase.com
                                              *Attorney for Plaintiff*

Filed on behalf of:

Telton Hall
c/o GALLIAN WELKER & BECKSTROM, L.C.
Michael I. Welker
965 East 700 South, Suite 305
St. George, Utah 84790